ALICE GAHAGAN, Administratrix, *vs.* BOSTON AND LOWELL RAILROAD COMPANY.

When, in a suit against a railroad company for an injury received while passing along a highway, an issue is made upon the unreasonable or negligent conduct of the company in the use of the highway at the time complained of, the usage of the corporation at other times has no legitimate bearing upon this issue, and evidence respecting such usage is incompetent.

The plaintiff having attempted to prove that a flagman employed by the company was a careless and intemperate person, the defendants have a right to show that he was careful, attentive, and temperate; and these facts may be proved by persons who have seen his conduct, and need not be proved by experts.

A railroad company has no right to use a highway as a part of its freight yard; but it has a right to pass and repass over a highway in making up its trains and shifting its cars, provided this is done only to a reasonable extent and in a reasonable manner, without encroaching upon the rights of others who have an equal right to use it.

If the whole evidence upon which a plaintiff's case rests shows that he did not use due care, but was careless, the court may rightfully instruct the jury as matter of law that the action cannot be maintained; and an attempt to pass between cars in motion, propelled by an engine, if no reason appears to justify the attempt, shows such want of care as to fall within this rule.

TORT for an injury to the plaintiff's intestate while passing along a highway in Cambridge, by being crushed between the cars of the defendants, whereby his death was caused.

At the trial in this court, one of the grounds upon which the

plaintiff relied was, that the defendants were using the public highway as a freight yard, in which to make up their freight trains and to shift their cars from one part of their yard to another, and that this was habitually and commonly done, to the detention and obstruction of the public travel.  To prove this issue, the plaintiff called witnesses, and asked whether the defendants caused their freight trains to stand across the highway for any length of time, and how long each day, and whether they were accustomed to move their freight trains backward and forward across the highway for any space of time each day.  This was objected to, and the testimony ruled out by the court.

Another ground relied upon by the plaintiff was, that the flagman at the crossing was a careless and intemperate person, and for that cause unsuitable to be employed in that capacity, and it appeared that he had since been in the house of correction as a common drunkard.  The defendants denied that the flagman was an intemperate person, and, for the purpose of showing that he was not so while in their employ, asked different witnesses, against the objection of the plaintiff, whether, during a series of years, when they had often been at the crossing, the flagman was attending to his duty, and whether they ever saw any indication of intemperance in his conduct, and if he appeared to be a man competent to his place.  These questions were asked witnesses not as experts or having any peculiar skill.

*Merrick*, J., instructed the jury that the defendants had a right to use the track where it crosses the public highway, to make up their trains in, or to shift their cars, in the usual pursuit of their business, provided it was done in a reasonable manner, and they did not delay the public thereby for any unreasonable length of time; that the sole question for them, in relation to this part of the case, was, whether they delayed the plaintiff's intestate unreasonably or unnecessarily, in this instance; and the jury could not, upon this question, regard the habit of the defendants at any other time or occasion in making up their trains and unnecessarily obstructing the highway.

The court further instructed the jury, that if the defendants did not on this occasion conduct the train with due care, and did thereby unreasonably obstruct the highway, still, to enable the plaintiff to recover, she must show that her intestate himself used due care, that is, such care as a man of ordinary prudence and discretion ought to use in such circumstances, not such care as men of ordinary prudence and discretion might some‑times use, under like circumstances, to avoid the obstructions of the highway, because such persons sometimes do or may act care‑lessly ; that, no matter how long the defendants obstructed the highway, if the plaintiff's intestate attempted to cross over the train between two freight cars shackled together, while it was in motion from the force of the engine attached thereto, as a matter of law, this was not the use of due care, and the plain‑tiff could not recover for any injury received by him while so attempting to cross over the train.

A verdict was returned for the defendants, and the plaintiff alleged exceptions.

*B. F. Butler* & *N. St. J. Green*, for the plaintiff.

*J. G. Abbott*, for the defendants.

HOAR, J.    The exceptions show that a principal issue in the cause was upon the unreasonable or negligent conduct of the defendants in the use of the highway, at the time the plaintiff's intestate received the injury for which she seeks to recover com‑pensation.    We think their habits at other times had no legit‑imate bearing upon this issue, and that evidence respecting such habits was properly excluded.    If their use of the highway at that time was reasonable and lawful, the plaintiff could have no greater rights because on other occasions they had been guilty of misconduct.    *Robinson* v. *Fitchburg* & *Worcester R. R. Co.* 7 Gray, 92.    They could not have shown their general care‑fulness as an excuse for their conduct at the time in question. *Tenney* v. *Tuttle, ante*, 185.    The cases cited by the plain‑tiff depend upon a different principle, where the acts proved might fairly be regarded as designed to be a preparation for, or commencement of, the principal fact to be established.    *Com‑monwealth* v. *Merriam*, 14 Pick. 518.

Gahagan, Administratrix, *v.* Boston and Lowell Railroad Company.

2. The plaintiff's evidence was not as to the conduct or condition of the flagman at the time of the accident, but was offered to prove that the defendants were negligent in employing an intemperate and incompetent person. This raised directly the question as to his general habits and behavior, and it was therefore right to allow the defendants to show that he was careful, attentive, and temperate. *Robinson* v. *Fitchburg & Worcester R. R. Co. ubi supra.* This was a fact which could be proved by witnesses who had seen his conduct, and could testify to the facts which they had observed. It did not require that they should be experts.

3. It was undoubtedly true that the defendants could not lawfully use the highway as a part of their freight yard ; that is to say, they had no right to make the exclusive use of it which their own convenience required, which they could make of their own property. But they could pass and repass upon the highway for any lawful purpose, provided. they used it only to a reasonable extent, and in a reasonable manner, without encroaching upon the rights of others who had an equal right to use it. The question of the mode and reasonableness of this use was rightly submitted to the jury.

4. The question, whether the plaintiff's intestate exercised due care, or by his own carelessness contributed to the injury which he received, was a question of fact for the jury, if there were any facts in dispute, or if there were any evidence upon which it was competent for the jury to find that he used ordinary care. But it has long been settled in this commonwealth that it is incumbent upon the plaintiff to show, by affirmative evidence, that he was in the use of due care ; and upon this point he has the burden of proof. *Adams* v. *Carlisle*, 21 Pick. 146. When, therefore, a plaintiff offers no evidence that he was in the exercise of care, but, on the contrary, the whole evidence on which his case rests shows that he was careless, we have held that the court may rightfully instruct the jury as a matter of law that the action cannot be maintained. *Lucas* v. *Taunton & New Bedford Railroad*, 6 Gray, 64. *Gilman* v. *Deerfield*, 16 Gray *Gavett* v. *Manchester & Lawrence Railroad*, 16 Gray,

We are of opinion that the conduct of the plaintiff's intes-tate, as reported, brings his case clearly within this rule; no reason whatever appearing to justify him in attempting to pass between cars in motion, propelled by an engine. The plaintiff's counsel argues, that, to sustain the ruling at the trial, it must appear to the court that, under no possible combination of circumstances, it could have been possible for him to make the attempt without negligence. But we do not so understand the effect of the exceptions. The ruling of the presiding judge at the trial was upon the case presented. If the evidence which the plaintiff offered was simply of such conduct on the part ot the person injured as is described in the hypothetical case put to the jury in the instructions of the judge, we can have no doubt that it did not, as a matter of law, tend to show ordinary care on his part. If there were any other facts or circumstances in.evidence tending to qualify or control the effect of this, they should have been stated in the bill of exceptions.

*Judgment on the verdict.*